Robert J. Esposito S.B.N. 267031
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:  (415) 675-3400
Facsimile:  (415) 675-3632
Email:        robert.esposito@bryancave.com

Robert G. Lancaster  S.B.N. 257504
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California  90401
Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200
Email:        rglancaster@bryancave.com

Attorneys for Plaintiff
FARMER BOYS FOOD, INC. and
ANDREWS' SONS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| | |
|---|---|
| FARMER BOYS FOOD, INC. and ANDREWS' SONS, INC., | No. |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | **(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a);** |
| FARMBURGER, LLC, FARMBURGER BUCKHEAD, LLC, FARMBURGER WEST BERKELEY, LLC and DOES 1 through 10, inclusive, | **(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);** |
| | **(3) FALSE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*;** |
| Defendants. | **(4) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*;** |
| | **(5) COMMON LAW TRADEMARK INFRINGEMENT;** |
| | **(6) STATUTORY DILUTION UNDER CAL. BUS. & PROF. CODE § 14330;** |
| | **(7) COMMON LAW UNFAIR COMPETITION; AND** |
| | **(8) CANCELLATION OF TRADEMARK REGISTRATIONS UNDER 15 U.S.C. §1064.** |
| | **JURY TRIAL DEMANDED** |

COME NOW Plaintiffs FARMER BOYS FOOD, INC. and ANDREWS' SONS, INC., by and through their attorneys, and for their Complaint against FARMBURGER, LLC, FARMBURGER BUCKHEAD, LLC, FARMBURGER WEST BERKELEY, LLC and DOES 1 through 10, allege as follows:

## NATURE OF ACTION

1.      This is an action for trademark infringement under 15 U.S.C. § 1125(a), false designation of origin and unfair competition under 15 U.S.C. § 1125(a), false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.,* unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, common law trademark infringement, statutory dilution under Cal. Bus. & Prof. Code § 14330, common law unfair competition, and cancellation of trademark registrations under 15 U.S.C. §§ 1064 and 1119.

## PARTIES

2.      Plaintiff Farmer Boys Food, Inc. is a corporation organized under the laws of the State of California, with its principal place of business located at 3452 University Ave., Riverside, California 92501.

3.      Plaintiff Andrews' Sons, Inc. ("Andrews' Sons") is a corporation organized under the laws of the State of California, with its principal place of business located at 4335 E. Airport Drive, Ste. 106, Ontario, California 91761. (Farmer Boys Food, Inc. and Andrews' Sons will hereinafter collectively be referred to as "Farmer Boys" or "Plaintiffs")

4.      On information and belief, Defendant Farmburger, LLC is a limited liability company organized under the laws of the State of Georgia, with its principal place of business located at 189 Windfall Drive, Winterville, Georgia  30683.

5.      On information and belief, Defendant Farmburger Buckhead, LLC is a limited liability company organized under the laws of the State of Georgia, with its principal place of business located at 189 Windfall Drive, Winterville, Georgia

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  30683.

2        6.      On information and belief, Defendant Farmburger West Berkeley, LLC

3  is a limited liability company organized under the laws of the State of California,

4  with its principal place of business located at 1901 1st Ave., Suite 405, San Diego,

5  California 92101.  On information and belief, Defendants Farmburger, LLC,

6  Farmburger Buckhead, LLC, and Farmburger West Berkeley, LLC are in the

7  business of operating fast food restaurants in California, North Carolina and

8  Georgia.  (Defendants Farmburger, LLC, Farmburger Buckhead, LLC, and

9  Farmburger West Berkeley, LLC will hereinafter collectively be referred to as

10  "Farmburger" or "Defendants")

11        7.      Plaintiffs are unaware of the true names and capacities of defendants

12  sued herein as DOES 1 through 10, inclusive, and, therefore, sue these defendants

13  by such fictitious names.  Plaintiffs will amend this Complaint to allege their true

14  names and capacities when ascertained.  Plaintiffs are informed and believe and

15  therefore allege that each of the fictitiously named defendants is responsible in some

16  manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged

17  were proximately caused by such defendants.

18  **<u>JURISDICTION</u>**

19        8.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and

20  28 U.S.C. §§ 1331 and 1338(a), in that this case arises under the trademark laws of

21  the United States, 15 U.S.C. §§ 1051, *et seq.*

22        9.      This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that

23  this case arises under claims joined with a substantial and related claim under the

24  trademark laws of the United States.

25       10.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a)

26  over all claims arising under state law, as such claims are so related to the federal

27  claims that they form part of the same case or controversy and derive from a

28  common nucleus of operative facts.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    11.    Defendants are subject to personal jurisdiction of the Court because
2  they do or transact business, or are otherwise found and have purposefully availed
3  themselves of the privilege of doing business, in California and this District, by,
4  among other things, conducting their business in California and this District,
5  negotiating and entering into agreements in California and this District, conducting
6  their business on and/or through an Internet web site, wrongfully using and
7  infringing upon Farmer Boys' common law and registered trademarks, wrongfully
8  diluting Farmer Boys' trademarks, and committing unfair acts, in California and this
9  District, as herein alleged.

10                                  **VENUE**

11    12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because
12  Defendants conduct business within this district and has engaged in, and continues
13  to engage in, acts of advertising and offering goods and services to consumers
14  located within this district, and because a substantial part of the events or omissions
15  giving rise to the claims asserted herein occurred in this District.  Defendants have
16  wrongfully used, diluted and infringed, and continue to wrongfully use, dilute and
17  infringe Plaintiffs' registered and common law trademarks in this District, have
18  engaged in unfair competition and other acts in this District, and, on information and
19  belief, are conducting and doing business in this District.

20

21                    **INTRADISTRICT ASSIGNMENT**

22    13.    This is an intellectual property action excepted from intra-district
23  assignment under Local Rule 3-2(c).

24

25                        **FACTUAL ALLEGATIONS**

26  **Farmer Boy's FARMER'S BURGER® and FARMER BOYS®**
27  **Trademarks**

28    14.    Plaintiffs operate quality restaurants under the FARMER'S BURGER®

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  and FARMER BOYS® trademarks that provide FARMER'S BURGER®

2  hamburgers and other quality food items (the "Farmer Boys Restaurants"). These

3  Farmer Boys Restaurants prides themselves on being family-oriented "fast-casual"

4  restaurants featuring freshly cooked, made-to-order hamburgers and other made

5  from scratch breakfast, lunch, and dinner menu items.

6      15.    Farmer Boys has been promoting its high quality restaurant services

7  and hamburgers and other food items to its customers and potential customers

8  through its FARMER BOYS® fast casual restaurants since at least as early as 1981.

9  Farmer Boys has also been promoting and selling its award-winning FARMER'S

10  BURGER® hamburgers since at least as early as 1983, over thirty years ago.

11      16.    The first Farmer Boys Restaurant opened in Perris, California in 1981.

12  Since then, Plaintiffs have spent substantial resources promoting, building and

13  expanding their brand of high quality restaurant services, hamburgers and other food

14  items. There are over 70 Farmer Boys Restaurants at locations in California and

15  Nevada.

16      17.    In the 33 years since the Farmer Boys Restaurants first opened,

17  Plaintiffs have invested significant capital and effort to make Farmer Boys

18  Restaurants the established quality restaurants they are today.

19      18.    As part of these efforts, Plaintiffs have created, sought, obtained

20  protection for, and enforced an impressive intellectual property portfolio, which

21  includes Farmer Boys' trademarks, service marks, trade dress, copyrights, names,

22  logos, domain names and commercial symbols used to identify the Farmer Boys

23  Restaurants (the "Farmer Boys IP"). Andrews' Sons owns the Farmer Boys IP and

24  licenses to Farmer Boys Food, Inc. the right to use the Farmer Boys IP and to

25  sublicense the Farmer Boys IP to franchisees for use as part of their businesses.

26      19.    To succeed in the crowded and competitive fast-casual restaurant

27  market, Plaintiffs have undertaken to set Farmer Boys Restaurants apart from its

28  competitors. One such effort is Farmer Boys' marketing campaign prominently

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT

featuring its distinctive FARMER'S BURGER®, FARMER BOYS®, THE FARM TO TABLE BURGER, and other recognized trademarks (the "FARMER'S BURGER® Marks") aimed at highlighting the "farm fresh," homegrown, "farm-to-table" ingredients incorporated in the Farmer Boys Restaurant hamburgers and other menu items.

20.    Farmer Boys and its franchisees operate over 70 FARMER BOYS® restaurants in California and other locations promoting and selling its FARMER'S BURGER® hamburgers and other quality food items.  Among other media, Farmer Boys promotes its high quality high quality restaurant services, hamburgers and other food items through display and use of its FARMER'S BURGER® Marks in the operation of its website www.farmerboys.com, television and print advertising, YouTube video commercials, point of purchase displays, uniforms worn by restaurant staff, and through word of mouth.

21.    Farmer Boys is also the owner of all right, title and interest in and to its U.S. registrations and applications for the FARMER'S BURGER® Marks for "restaurant services" and "hamburger sandwiches" illustrated below:

| MARK | REGISTRATION/ APPLICATION NO./DATE | GOODS AND SERVICES |
|---|---|---|
| FARMER'S BURGER | Registration No. 1720523  Date of First Use: 03/15/1983  Registration Date: 9/29/92 | Class 30 Hamburger Sandwiches |
| FARMER BOYS WORLD'S GREATEST HAMBURGERS | Registration No. 1686851  Date of First Use: 08/1981  Registration Date: 5/12/92 | Class 42 Restaurant Services |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

5

| MARK | REGISTRATION/ APPLICATION NO./DATE | GOODS AND SERVICES |
|---|---|---|
| **FARMER BOYS** | Registration No. 2546629<br><br>Date of First Use: 08/1981<br><br>Registration Date: 3/12/02 | Class 42 Restaurant Services |
|  | Registration No. 1936978<br><br>Registration Date: 11/21/95 | Class 30 Hamburger Sandwiches<br><br>Class 42 Restaurant Services |
| **FARMER BOYS BREAKFAST, BURGERS & MORE** | Registration 4190116<br><br>Registration Date: 8/14/12 | Class 43 Restaurant Services |
| **THE FARM TO TABLE BURGER** | Serial No. 85945667<br><br>Filing Date May 29, 2013 | Class 43 Restaurant Services |
| **FARMER'S RESTAURANT** | Serial No. 85456867<br><br>Filing date: 10/26/11 | Class 43 Restaurant Services |
| **NOBODY DOES IT FRESHER** | Serial No. 77753655<br><br>Registration Date: 1/19/10 | Class 43 Restaurant Services |
| **FASTAURANT** | Registration No. 2099413<br><br>Registration Date: 9/23/97 | Class 42 Restaurant Services |

22.     Plaintiffs have continuously used the FARMER'S BURGER® Marks in commerce since the dates of first use.  Plaintiffs' use of the FARMER'S BURGER® Marks has been exclusive, and most of the registrations of the FARMER'S BURGER® Marks have become incontestable.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    23.    Plaintiffs prominently feature their FARMER'S BURGER® Marks in a

2  wide variety of advertisements and marketing materials, including on Plaintiffs'

3  website www.farmerboys.com, press releases, television and YouTube commercials,

4  point of sale in displays in each restaurant, drive thru signs, and e-mails.

5    24.    Additionally, Farmer Boys created a series of television commercials

6  advertising and promoting the Farmer Boys fast casual restaurants and hamburger

7  products.  The commercials have run in the California market area over 2,000 times,

8  and have been and remain prominently featured on Farmer Boys' website

9  www.farmerboys.com and posted on Farmer Boys' YouTube Channel

10  <FarmerBoysFood>.  The commercials include the FARMER'S BURGER®,

11  FARMER BOYS® and "THE FARM TO TABLE BURGER" trademarks

12  reproduced below:



BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386



25.     Examples of Famer Boys commercials can be seen at http://www.youtube.com/watch?v=VogOyWvSAEs and http://www.youtube.com/watch?v=YmaAuszQb8w.

26.     As of the filing of this Complaint, the FARMER'S BURGER® commercials are still airing on California televisions.  Additionally, the FARMER'S BURGER® Commercials have been and remain prominently featured on Plaintiffs' website www.farmerboys.com, and posted on Plaintiffs' YouTube Channel <FarmerBoysFood> since 2010.  A printout of Plaintiffs' website is attached hereto as **Exhibit A**.

27.     As a result of Plaintiffs' use of the FARMER'S BURGER® Marks, Plaintiffs' advertising campaign has been a resounding success.  The FARMER'S BURGER® Marks have become widely and favorably known and convey to consumers a specific theme of farm fresh ingredients being used in the Farmer Boys Restaurants and FARMER'S BURGER® hamburger sandwich.  Consumers have come to recognize the FARMER'S BURGER® Marks as indicators of Farmer Boys Restaurants and menu items, including its famous FARMER'S BURGER® brand

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    hamburger sandwiches.

2        28.    As a result of widespread consumer recognition, Farmer Boys'

3    FARMER'S BURGER® hamburger sandwich was voted and awarded the "Best

4    Burger" award for 2008, 2009 and 2012 in the Inland Empire Hotlist.

5                **Farmburger's Use of the Infringing "FARM BURGER" name**

6        29.    On information and belief, Farmburger owns and operates several fast-

7    casual restaurants under the almost identical infringing "FARM BURGER" name.

8    Farmburger's restaurants serve a focused menu of hamburgers and related food

9    items, including a "FARM BURGER" hamburger sandwich.  The infringing

10   "FARM BURGER" name for restaurant services and hamburger sandwiches also

11   features prominently on Farmburger's website, <http://www.Farmburger.com>, a

12   printout of which is attached hereto as **Exhibit B**.  Further, on information and

13   belief, Farmburger presently is engaged in contracts and promotional activities in

14   preparation for, and has announced publicly its intention to open at least one

15   Farmburger restaurant location in this judicial district.

16       30.    In view of the extreme similarity between Defendant's "FARM

17   BURGER" registrations and Plaintiffs' FARMER'S BURGER® and FARMER

18   BOYS® trademarks as used in connection with restaurant services featuring

19   hamburgers, all of which are identical and/or highly related goods and services,

20   Defendants' use of the infringing "FARM BURGER" name is likely to cause

21   confusion in the marketplace. The resulting confusion will damage Plaintiffs and

22   injure their reputation in the trade and with the public.

23       31.    Defendants' use of the registered marks incorporating the "FARM

24   BURGER" term in the manner hereinabove alleged is likely to cause confusion,

25   mistake, or deception as to the source, sponsorship, affiliation or approval of

26   Defendants' services in violation of § 2(d) of the Federal Trademark Act, 15 U.S.C.

27   § 1052(d).

28       32.    Farmburger has also created and is making available on YouTube

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

9
COMPLAINT

1  commercials for its Farmburger restaurants that prominently feature the infringing

2  "FARM BURGER" name for restaurant services and hamburger sandwiches, along

3  with numerous other elements and themes, such as the use of farm fresh ingredients,

4  that are strikingly similar to Plaintiffs' commercials (the "Infringing Commercials").

5  Images of such Infringing Commercials are reproduced below, an example of which

6  can be seen at http://www.youtube.com/watch?v=dYyGU3ZngmM.







33.   Farmburger's unauthorized use of the infringing "FARM BURGER" name to promote and market its own fast casual restaurant services and hamburgers is likely to cause and, upon information and belief, may have already caused confusion between Farmburger's restaurant services and hamburgers and Plaintiffs' restaurant services and hamburgers in the minds of consumers and the relevant purchasing public.

34.   Farmburger does not have, and has never had, permission to use the infringing "FARM BURGER" name or any design, logo, or image that is confusingly similar to or copied from the FARMER'S BURGER® Marks.

35.   Upon information and belief, Farmburger's conduct in using the infringing "FARM BURGER" name for restaurant services and hamburger sandwiches that is strikingly similar to Plaintiffs' FARMER'S BURGER® Marks is intentional and deliberate.

36.   Upon information and belief, at the time Farmburger adopted and used the infringing "FARM BURGER" name, Farmburger had access to and was, or should have been, aware of Plaintiffs' prior use of its FARMER'S BURGER®

11

1  Marks, restaurants and FARMER'S BURGER® hamburgers and corresponding

2  rights therein, and the actions of Farmburger were undertaken with an intentional,

3  willful, or malicious intent to trade upon the goodwill associated with and the

4  distinctiveness, strength, and value of Plaintiffs' FARMER'S BURGER® Marks

5  and to evoke the same image in the minds of consumers.

6  **Farmburger Is Causing Irreparable Harm to Plaintiffs**

7  37.   By reason of Farmburger's unlawful acts, announced intentions, and

8  threatened actions, Plaintiffs have suffered and will continue to suffer damage to

9  their business, reputation and goodwill, as well as the loss of sales and profits

10  Plaintiffs would have realized but for Farmburger's acts.  Upon information and

11  belief, unless restrained and enjoined, Farmburger will continue to infringe

12  Plaintiffs' rights in the FARMER'S BURGER® Marks and continue to cause

13  irreparable injury to Plaintiffs by:

14       a. Depriving Plaintiffs of their right to use and control the use of their

15          FARMER'S BURGER® Marks;

16       b. Creating a likelihood of confusion, mistake and deception among

17          consumers and the trade as to the source of the restaurant services

18          and hamburger sandwiches promoted and sold under the infringing

19          "FARM BURGER" name;

20       c. Falsely causing the public to associate Plaintiffs with Farmburger

21          and/or its products and services, or vice versa;

22       d. Causing harm to Plaintiffs' goodwill and diluting the capacity of its

23          FARMER'S BURGER® Marks to differentiate Plaintiffs' products

24          and services from others; and

25       e. Causing Plaintiffs to lose sales.

26  38.   Plaintiffs' remedy at law is not adequate to compensate Plaintiffs for all

27  of the resulting injuries arising from Farmburger's actions.

28  **FIRST CLAIM FOR RELIEF**

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**(Trademark Infringement in Violation of 15 U.S.C. § 1125(a))**

39.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.     Plaintiffs' FARMER'S BURGER® Marks are inherently distinctive and/or have acquired secondary meaning among the trade, with consumers, and with the relevant purchasing public.  Through Plaintiffs' use, consumers and the relevant purchasing public have come to use the FARMER'S BURGER® Marks to associate, identify, and distinguish Plaintiffs as the source of origin of Plaintiffs' goods and services.

41.     Without Plaintiffs' license, consent, or authorization, Farmburger has used, and continues to use, the FARMER'S BURGER® Marks and/or confusingly similar variations thereof, on or in connection with marketing, distributing, advertising, promoting, offering for sale, and selling its similar products and/or services.

42.     Specifically, by using the FARMER'S BURGER® Marks and/or confusingly similar variations thereof—particularly in combination with the unique elements and themes from the Farmer Boys' commercials—in Farmburger's advertisements, promotional materials, and/or website content, including but not limited to the Infringing Commercials, in connection with the marketing, distributing, advertising, promoting, offering for sale, and selling Farmburger's similar restaurant products and/or services, Farmburger has caused, or is likely to cause, confusion, mistake, or to deceive the public as to the affiliation, connection, or association of Farmburger's products or services or as to the origin, sponsorship, or approval by Plaintiffs of Farmburger's products, services, or commercial activities.  This includes, but is not limited to, deceiving customers into believing that the Infringing Advertising Campaign is sanctioned, approved, or authorized by Plaintiffs and that Farmburger is authorized and entitled to use the FARMER'S BURGER® Marks when, in fact, it is not so authorized.  Additionally, such use

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

13

1  misappropriates the extensive goodwill built up by Plaintiffs.

2       43.    Upon information and belief, Farmburger's acts of infringement have

3  been committed with the intentional, willful, or malicious intent to cause confusion,

4  mistake, to deceive, and to trade upon the goodwill associated with the FARMER'S

5  BURGER® Marks and were otherwise deliberate, knowing, willful and/or in bad

6  faith.  Farmburger's acts constitute willful trademark infringement in violation of

7  43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under common law.

8       44.    Farmburger's intentional infringement of Plaintiffs' FARMER'S

9  BURGER® Marks is an exceptional case, entitling Plaintiffs to an award of

10 attorneys' fees under 15 U.S.C. §§ 1117(a).

11      45.    Farmburger's willful and intentional infringing activities have caused

12 and are causing great and irreparable injury and damage to Plaintiffs' business,

13 goodwill and reputation in an amount that cannot be ascertained at this time and,

14 unless preliminarily and permanently restrained, will cause further irreparable injury

15 and damage, leaving Plaintiffs with no adequate remedy at law.

16      46.    By reason of the foregoing, Plaintiffs are entitled to injunctive relief

17 against Farmburger, and anyone acting in concert with Farmburger, to restrain

18 further acts of infringement and, after trial, to recover any damages proven to have

19 been caused by reason of Farmburger's aforesaid acts, Farmburger's profits, costs of

20 corrective advertising, any enhanced damages justified by the willful and intentional

21 nature of such acts, and other damages according to proof at trial, including costs

22 and attorneys' fees.

23                    **SECOND CLAIM FOR RELIEF**

24              **(Federal Unfair Competition and False Designation**

25             **of Origin in Violation of 15 U.S.C. § 1125(a))**

26      47.    Plaintiffs re-allege and incorporate by reference the allegations

27 contained in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

28      48.    Farmburger's acts as alleged herein constitute false designation of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   origin, unfair competition and false advertising in violation of Lanham Act § 43(a),

2   15 U.S.C. §1125.

3       49.     Farmburger's unlicensed, unconsented to, and otherwise unauthorized

4   use of the FARMER'S BURGER® Marks and/or confusingly similar variations

5   thereof n connection with the sale, offering for sale, distribution, or advertising of

6   similar goods and services in interstate commerce is likely to cause confusion or

7   mistake among consumers or those in the relevant trade and industry, or to deceive

8   such persons as to the affiliation, connection, endorsement, sponsorship or

9   association of Farmburger's goods and services with Plaintiffs' goods and services.

10      50.     The above-described conduct constitutes unfair competition, false

11  advertising, a false designation of origin, false or misleading description of fact, and

12  a false or misleading representation of fact that wrongfully and falsely suggests to

13  the trade, relevant purchasing public and consumers that Farmburger's products

14  and/or services emanate from, or are licensed, endorsed, approved, or sponsored by,

15  or are in some other way associated, affiliated or connected with Plaintiffs in

16  violation of 15 U.S.C. § 1125(a).

17      51.     Upon information and belief, Farmburger's aforesaid acts in violation

18  of 15 U.S.C. § 1125(a) have caused and will continue to cause damage and

19  irreparable harm to Plaintiffs, and are likely to continue unabated, thereby causing

20  further damage and irreparable harm to Plaintiffs and to the goodwill and business

21  reputation symbolized by and associated with their valuable FARMER'S

22  BURGER® Marks, unless preliminarily and permanently enjoined and restrained by

23  the Court.  Plaintiffs have no adequate remedy at law for Farmburger's continuing

24  violation of Plaintiffs' rights and Plaintiffs will suffer irreparable injury in an

25  amount that cannot be ascertained at this time if Farmburger is allowed to continue

26  to wrongfully use Plaintiffs' valuable FARMER'S BURGER® Marks, and/or any

27  confusingly similar variations thereof.  By reason of the foregoing, Plaintiffs are

28  entitled to preliminary and permanent injunctive relief against Farmburger, and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    anyone acting in concert with Farmburger, to restrain further unlawful acts.

2        52.    Farmburger has profited and is profiting from its unlawful conduct and

3    Plaintiffs have been and are being damaged as a proximate result of such conduct.

4    Plaintiffs are, therefore, entitled to recover damages from Farmburger in an amount

5    to be proved at trial, as well as the costs of corrective advertising.

6        53.    Upon information and belief, Farmburger's aforesaid wrongful conduct

7    has been willful, wanton, and malicious and done with an intent to deceive.

8    Plaintiffs are, therefore, entitled to an award of its reasonable attorneys' fees and

9    costs, and treble its actual damages, pursuant to 15 U.S.C. §1125.

10                          **THIRD CLAIM FOR RELIEF**

11                     **(False Advertising in Violation of California**

12                  **Business & Professions Code §§ 17500, *et seq.*)**

13        54.    Plaintiffs re-allege and incorporate by reference the allegations

14   contained in paragraphs 1 through 53 of this Complaint as if fully set forth herein.

15        55.    Farmburger has adopted and used the infringing "FARM BURGER"

16   name in its advertising, promotional activities and commercials with the intent

17   directly or indirectly to induce the public to enter into an obligation relating to

18   Farmburger's restaurant services.

19        56.    Farmburger's advertising was untrue or misleading, and likely to

20   deceive the public, in that Farmburger's unlicensed, unconsented to, and otherwise

21   unauthorized use of the FARMER'S BURGER® Marks and/or confusingly similar

22   variations thereof—particularly in combination with the unique elements and

23   themes from the Farmer Boys' commercials—in Farmburger's advertisements,

24   promotional materials, and/or website content on or in connection with marketing,

25   distributing, advertising, promoting, offering for sale, and selling Farmburger's

26   similar products and/or services, on information and belief, has caused and is likely

27   to continue to cause the general public, trade, consumers, and the relevant

28   purchasing public to be confused, misled and deceived as to the source of origin of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

16

1  Farmburger's goods and/or services, and, further, to confuse, mislead, and deceive

2  such persons into wrongly believing that Farmburger's business is affiliated with,

3  connected with, associated with, sponsored by, endorsed by, administered by,

4  supervised by, or otherwise connected with Plaintiffs.

5       57.    In making and disseminating advertising using the infringing "FARM

6  BURGER" name in its promotional activities and commercials, Farmburger knew,

7  or by the exercise of reasonable care should have known, that it was untrue or

8  misleading.

9       58.    Farmburger's acts as alleged herein constitute the use of deceptive,

10  untrue, and misleading advertising, of which Farmburger knew or should have

11  known, thereby impairing the goodwill of Plaintiffs and otherwise adversely

12  affecting the business and reputation of Plaintiffs.  These acts constitute false

13  advertising under California Business & Professions Code § 17500, and California

14  common law.

15       59.    Farmburger's aforesaid acts of untrue and misleading advertising

16  alleged above have caused and will continue to cause damage and irreparable harm

17  to Plaintiffs, and are likely to continue unabated, thereby causing further damage

18  and irreparable harm to Plaintiff, to the goodwill and business reputation symbolized

19  by and associated with their valuable FARMER'S BURGER® Marks, and to the

20  general public, unless preliminarily and permanently enjoined and restrained by the

21  Court.  Plaintiffs have no adequate remedy at law for Farmburger's continuing acts

22  of false and misleading advertising and Plaintiffs will suffer irreparable injury in an

23  amount that cannot be ascertained at this time if Farmburger is allowed to continue

24  to such acts.

25       60.    By reason of the foregoing, Plaintiffs are entitled to preliminary and

26  permanent injunctive relief against Farmburger, and anyone acting in concert with

27  Farmburger, prohibiting Farmburger from continuing such acts of false and

28  misleading advertising and, after trial, to recover any damages proven to have been

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

17

1   caused by reason of Farmburger's aforesaid acts, Farmburger's profits, costs of

2   corrective advertising, any enhanced damages justified by the willful and intentional

3   nature of such acts, and other damages according to proof at trial, including costs

4   and attorneys' fees.

### FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California

### Business & Professions Code §§ 17200, *et seq.*)

8       61.     Plaintiffs re-allege and incorporate by reference the allegations

9   contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

10      62.     The acts of Farmburger alleged herein constitute unlawful, unfair and

11   fraudulent business acts or practices as defined by California Business &

12   Professions Code §§ 17200, *et seq.*

13      63.     Plaintiffs have valid and protectable rights in the FARMER'S

14   BURGER® Marks.

15      64.     Farmburger's unlicensed, unconsented to, and otherwise unauthorized

16   use of the FARMER'S BURGER® Marks and/or confusingly similar variations

17   thereof—particularly in combination with the unique elements and themes from the

18   Farmer Boys' commercials—in Farmburger's advertisements, promotional

19   materials, and/or website content, including but not limited to the Infringing

20   Commercials, on or in connection with marketing, distributing, advertising,

21   promoting, offering for sale, and selling Farmburger's similar products and/or

22   services constitutes trademark infringement, unfair competition and false

23   designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

24   and false advertising under California Business & Professions Code § 17500, and,

25   therefore, is an "unlawful" business act or practice in violation of California

26   Business & Professions Code §§ 17200, *et seq.*

27      65.     The above-described acts and practices by Farmburger and its

28   continuing willful and concerted effort to trade on Plaintiffs' goodwill constitute

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

18

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  "unfair" business acts or practices in violation of California Business & Professions

2  Code §§ 17200, *et seq.*

3      66.    The above-described acts and practices by Farmburger, on information

4  and belief, have caused and are likely to continue to cause the general public, trade,

5  consumers, and the relevant purchasing public to be confused, misled and deceived

6  as to the source of origin of Farmburger's goods and/or services, and, further, to

7  confuse, mislead, and deceive such persons into wrongly believing that

8  Farmburger's business is affiliated with, connected with, associated with, sponsored

9  by, endorsed by, administered by, supervised by, or otherwise connected with

10  Plaintiffs. Thus, above-described acts and practices by Farmburger are also likely to

11  mislead or deceive the general public and, therefore, constitute "fraudulent"

12  business acts or practices and/or unfair, deceptive, untrue or misleading advertising

13  in violation of California Business & Professions Code §§ 17200, *et seq.*

14      67.    As a direct and proximate result of Farmburger's aforesaid acts and

15  practices in violation of California Business & Professions Code § 17200, Plaintiffs

16  have suffered injury in fact and have lost money and profits, and such damage and

17  irreparable harm to Plaintiffs and to the goodwill and business reputation

18  symbolized by and associated with their valuable FARMER'S BURGER® Marks

19  will continue unabated unless and until Farmburger's acts are preliminarily and

20  permanently enjoined and restrained by the Court. Plaintiffs have no adequate

21  remedy at law for Farmburger's continuing violation of Plaintiffs' rights and

22  Plaintiffs will suffer irreparable injury in an amount that cannot be ascertained at

23  this time if Farmburger's is allowed to continue to wrongfully use Plaintiffs'

24  valuable FARMER'S BURGER® Marks, and/or any confusingly similar variations

25  thereof.

26      68.    Further, the above-described unlawful, unfair, and fraudulent business

27  acts and practices of Farmburger present a continuing threat to, and are meant to

28  deceive members of the public in that Farmburger continues to promote its

1  restaurants by wrongfully trading on the goodwill of the FARMER'S BURGER®

2  Marks.

3      69.    Accordingly, Plaintiffs are entitled to injunctive relief pursuant to

4  California Business & Professions Code § 17203.

5              **FIFTH CLAIM FOR RELIEF**

6          **(Common Law Trademark Infringement)**

7      70.    Plaintiffs re-allege and incorporate by reference the allegations

8  contained in paragraphs 1 through 69 of this Complaint as if fully set forth herein.

9      71.    Plaintiffs have continuously used the FARMER'S BURGER® Marks

10  in commerce in connection with Plaintiffs' goods and services since at least as early

11  as 1983, and, accordingly, have established common law trademark rights in the

12  FARMER'S BURGER® Marks.

13      72.    The FARMER'S BURGER® Marks are inherently distinctive and/or

14  have acquired strong secondary meaning among the trade, with consumers, and the

15  relevant purchasing public in the trade, in the State of California and indeed

16  throughout the entire United States.  Through Plaintiffs' use, consumers and the

17  relevant purchasing public have come to use the FARMER'S BURGER® Marks to

18  associate, identify, and distinguish Plaintiffs as the source of origin of Plaintiffs'

19  goods and services.

20      73.    Farmburger's unlicensed, unconsented to, and otherwise unauthorized

21  use of the FARMER'S BURGER® Marks and/or confusingly similar variations

22  thereof in Farmburger's advertisements, promotional materials, and/or website

23  content, including but not limited to the Infringing Commercials, on or in

24  connection with marketing, advertising, promoting, offering for sale, and selling its

25  similar products and/or services constitutes infringement of Plaintiffs' common law

26  trademark rights in the FARMER'S BURGER® Marks and misappropriates the

27  valuable goodwill developed by Plaintiffs in the FARMER'S BURGER® Marks.

28  On information and belief, such conduct has caused and is likely to continue to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  cause the general public, trade, consumers, and the relevant purchasing public to be
2  confused, misled and deceived as to the source of origin of Farmburger's goods
3  and/or services, and, further, to confuse, mislead, and deceive such persons into
4  wrongly believing that Farmburger's business is affiliated with, connected with,
5  associated with, sponsored by, endorsed by, administered by, supervised by, or
6  otherwise connected with Plaintiffs.

7      74.    Upon information and belief, Farmburger was, or should have been,
8  aware of Plaintiffs' use of and corresponding rights in the FARMER'S BURGER®
9  Marks and the actions of Farmburger were undertaken with an intentional, willful,
10 or malicious intent to trade upon the goodwill associated with and the
11 distinctiveness, strength, and value of Plaintiffs' FARMER'S BURGER® Marks
12 and to evoke the same image in the minds of consumers, namely, the use of
13 unadulterated, farm fresh ingredients in a fast-casual restaurant.

14     75.    Upon information and belief, Farmburger's aforesaid acts in violation
15 of California common law have caused and will continue to cause damage and
16 irreparable harm to Plaintiffs, and are likely to continue unabated, thereby causing
17 further damage and irreparable harm to Plaintiffs and to the goodwill and business
18 reputation symbolized by and associated with their valuable FARMER'S
19 BURGER® Marks, unless preliminarily and permanently enjoined and restrained by
20 the Court.  Plaintiffs have no adequate remedy at law for Farmburger's continuing
21 violation of Plaintiffs' rights and Plaintiffs will suffer irreparable injury in an
22 amount that cannot be ascertained at this time if Farmburger's is allowed to continue
23 to wrongfully use Plaintiffs' valuable FARMER'S BURGER® Marks, and/or any
24 confusingly similar variations thereof.

25     76.    By reason of the foregoing, Plaintiffs are entitled to preliminary and
26 permanent injunctive relief against Farmburger, and anyone acting in concert with
27 Farmburger, to restrain further acts of infringement of Plaintiffs' rights and, after
28 trial, to recover any damages proven to have been caused by reason of Farmburger's

1    aforesaid acts of infringement, Farmburger's profits, costs of corrective advertising,

2    any enhanced damages justified by the willful and intentional nature of such acts,

3    and other damages according to proof at trial, including costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF

**(Statutory Dilution Under California Business & Professions Code §14330)**

6        77.    Plaintiffs re-allege and incorporate by reference the allegations

7    contained in paragraphs 1 through 76 of this Complaint as if fully set forth herein.

8        78.    By nature of the inherent and/or long acquired distinctiveness of the

9    FARMER'S BURGER® Marks, the long duration and extensive use of the

10   FARMER'S BURGER® Marks, on and in connection with the advertising,

11   marketing, promotion, offers for sale, and sale of high quality restaurant services,

12   hamburgers and other food items, and the strong recognition and reputation of the

13   FARMER'S BURGER® Marks among the general public, trade, consumers and the

14   relevant purchasing public as being the source of origin of Plaintiffs' goods and

15   services, the FARMER'S BURGER® Marks have become famous.

16       79.    Defendants have made and are currently making, and have announced

17   intentions, and threatened further interstate commercial use, including use in the

18   State of California, of Plaintiffs' distinctive, valuable, well-known and famous

19   FARMER'S BURGER® Marks and/or confusingly similar variations thereof.

20       80.    Defendants' unlawful acts, announced intentions, and threatened

21   actions with respect to the FARMER'S BURGER® Marks, as alleged above, have

22   and are continuing to dilute the distinctive nature of the FARMER'S BURGER®

23   Marks by lessening the ability and capacity of the mark to identify and distinguish

24   Farmer Boys as the sole source of origin of its high quality restaurant services,

25   hamburgers and other food items.

26       81.    Defendants' wrongful use and infringement upon the FARMER'S

27   BURGER® Marks has and is continuing to dilute the distinctive nature of the Marks

28   by lessening the extensive and valuable goodwill, quality, and honor that is

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  associated with the Marks.

2      82.    By their acts hereinabove described, Defendants have violated and

3  continue to violate, *inter alia*, Cal. Bus. & Prof. Code §14330.

4      83.    Defendants' aforesaid acts in violation of Cal. Bus. & Prof. Code

5  §14330 have caused and will continue to cause damage and irreparable harm to

6  Plaintiffs, and are likely to continue unabated, thereby causing further damage and

7  irreparable harm to Farmer Boys , and to the goodwill symbolized by and associated

8  with its distinctive, valuable, well-known and famous FARMER'S BURGER®

9  Marks unless preliminarily and permanently enjoined and restrained by the Court.

10     84.    Plaintiffs have no adequate remedy at law and will suffer irreparable

11  injury if Defendants are allowed to continue to wrongfully use Farmer Boys'

12  valuable and well-known FARMER'S BURGER® Marks, and/or any confusingly

13  similar variations thereof.

14                    **SEVENTH CLAIM FOR RELIEF**

15                    **(Common Law Unfair Competition)**

16     85.    Plaintiffs re-allege and incorporate by reference the allegations

17  contained in paragraphs 1 through 84 of this Complaint as if fully set forth herein.

18     86.    Farmburger's unlicensed, unconsented to, and otherwise unauthorized

19  use of the FARMER'S BURGER® Marks and/or confusingly similar variations

20  thereof—particularly in combination with the unique elements and themes from the

21  Farmer Boys' commercials—in Farmburger's advertisements, promotional

22  materials, and/or website content, including but not limited to the Infringing

23  Commercials, on or in connection with marketing, advertising, promoting, offering

24  for sale, and selling its similar products and/or services constitutes a false

25  designation of origin that wrongly suggests to the trade, relevant purchasing public

26  and consumers that such products and/or services emanate from, or are licensed,

27  endorsed, approved, or sponsored by, or are in some other way associated or

28  connected with Plaintiffs.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

87.    The above-described conduct of Farmburger constitutes a false description or representation tending to suggest to consumers and the relevant purchasing public that Plaintiffs are the source of origin of such products and/or services.

88.    Upon information and belief, the above-described conduct of Farmburger has caused and is likely to continue to cause the trade, consumers and the relevant purchasing public to be confused, deceived and mistaken as to the source of origin of the products and/or services being offered and sold by Farmburger, and, further, to confuse, mislead, and deceive such persons into wrongly believing that Farmburger's business is affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Plaintiffs.

89.    Upon information and belief, Farmburger has intentionally traded and infringed upon Plaintiffs' FARMER'S BURGER® Marks and misrepresented the source of origin of its products and/or services.

90.    By virtue of Farmburger's acts described above, Farmburger has committed and is continuing to commit acts of unfair competition and false designation of origin under California common law.

91.    Upon information and belief, Farmburger's aforesaid acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to Plaintiffs, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiffs and to the goodwill and business reputation symbolized by and associated with their valuable FARMER'S BURGER® Marks, unless preliminarily and permanently enjoined and restrained by the Court. Plaintiffs have no adequate remedy at law for Farmburger's continuing violation of Plaintiffs' rights and Plaintiffs will suffer irreparable injury in an amount that cannot be ascertained at this time if Farmburger is allowed to continue to wrongfully use Plaintiffs' valuable FARMER'S BURGER® Marks,

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

24

1   and/or any confusingly similar variations thereof.

2       92.    By reason of the foregoing, Plaintiffs are entitled to preliminary and

3   permanent injunctive relief against Farmburger, and anyone acting in concert with

4   Farmburger, to restrain further acts of unfair competition and false designation of

5   origin and, after trial, to recover any damages proven to have been caused by reason

6   of Farmburger's aforesaid acts of unfair competition and false designation of origin,

7   Farmburger's profits, costs of corrective advertising, any enhanced damages

8   justified by the willful and intentional nature of such acts, and other damages

9   according to proof at trial, including costs and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF

### (Cancellation of Federal Trademark Registrations Under 15 U.S.C. §1064)

13      93.    Plaintiffs re-allege and incorporate by reference the allegations

14  contained in paragraphs 1 through 92 of this Complaint as if fully set forth herein.

15      94.    As a cause of action and ground for relief, Plaintiffs seek cancellation

16  of Farmburger, LLC's U.S. Trademark Registration Nos. 3952838 and 3992195

17  pursuant to § 37 of the Federal Trademark Act, 15 U.S.C. § 1119.

18      95.    On May 20, 2010, almost 30 years after Plaintiffs began continuously

19  operating Farmer Boy's quality restaurants under the FARMER'S BURGER® and

20  FARMER BOYS® trademarks and providing FARMER'S BURGER® hamburgers

21  and other quality food items, Defendant Farmburger, LLC filed federal applications

22  for "FARM BURGER" and "FARM BURGER" and Design in International Class

23  43, for services including "Fast-food restaurants; . . . Restaurant services featuring

24  hamburgers and related food fare . . . ."

25      96.    When Defendant filed its applications for "FARM BURGER" and

26  "FARM BURGER" and Design, Defendant knew or should have known of

27  Plaintiffs' superior right to the FARMER'S BURGER® Marks and the prior

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 existence of their Farmer Boys' FARMER'S BURGER® hamburger sandwiches

2 and FARMER'S BURGER® and FARMER BOYS® restaurants.

3     97.    Defendant knew or should have known at the time it filed its

4 declaration that it did not have exclusive rights to a mark consisting of the infringing

5 "FARM BURGER" name, as Plaintiffs' FARMER'S BURGER® and FARMER

6 BOYS® trademarks had been actively used for over two decades to market

7 competing hamburgers and restaurant services, when it submitted its application to

8 the United States Patent and Trademark Office.

9     98.    Defendant knew or should have known that Plaintiffs' FARMER'S

10 BURGER® Marks were nearly identical and confusingly similar to Defendant's

11 "FARM BURGER" and "FARM BURGER" and Design  when filing its applications

12 for the Registrations.

13    99.    Defendant knew or should have known that registration of the  "FARM

14 BURGER" and "FARM BURGER" and Design marks would create a likelihood of

15 confusion among consumers if the two parties used their marks contemporaneously.

16    100.   Defendant knew or should have known that the existence of Plaintiffs'

17 FARMER'S BURGER® and FARMER BOYS® trademarks was a material fact for

18 the examiner, and yet knowingly failed to disclose the existence of Plaintiffs'

19 FARMER'S BURGER® Marks to the USPTO at the time of its applications, and

20 knowingly concealed such fact so as to mislead the examiner into believing that

21 Defendant was entitled to registration on the Principal Register.

22    101.   Specifically, an authorized agent of Defendant, who knew or should

23 have known that the statement was false, affirmed that it was "the owner of the mark

24 sought to be registered" and also falsely affirmed that "no other person, firm,

25 corporation, or association has the right to use the mark in commerce, either in the

26 identical form thereof or in such near resemblance thereto as to be likely, when used

27 on or in connection with the goods/services of such other person, to cause

28 confusion, or to cause mistake, or to deceive."

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

26

102.    Reasonably relying upon the truth of said false statement, the USPTO granted said "FARM BURGER" and "FARM BURGER" and Design marks registration on the Supplemental and Principal Registers, respectively.

103.    The continued registration of the "FARM BURGER" and "FARM BURGER" and Design  marks is causing injury to Plaintiffs' rights in their mark, Plaintiffs' investment in their FARMER'S BURGER® Marks, Plaintiffs' goodwill and business plans, and will continue to cause injury to Plaintiffs until the registrations are cancelled.

104.    Defendant is not entitled to the continued registration of its marks, because Defendant committed fraud in the procurement of the Registrations.

105.    Defendants' use of the registered marks incorporating the "FARM BURGER" term is well subsequent to Plaintiffs' use and registration of its FARMER'S BURGER® and FARMER BOYS® trademarks.

106.    In view of the extreme similarity between Defendant's "FARM BURGER" registrations and Plaintiffs' FARMER'S BURGER® and FARMER BOYS® trademarks as used in connection with restaurant services featuring hamburgers, all of which are identical and/or highly related goods and services, Defendants' use of the "FARM BURGER" name is likely to cause confusion in the marketplace.  The resulting confusion will damage Plaintiffs and injure their reputation in the trade and with the public.

107.    Defendants' use of the registered marks incorporating the "FARM BURGER" term in the manner hereinabove alleged is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation or approval of Defendants' services in violation of § 2(d) of the Federal Trademark Act, 15 U.S.C. § 1052(d), thereby warranting cancellation of Defendant Farmburger, LLC's federal trademark registrations pursuant to § 37 of the Federal Trademark Act, 15 U.S.C. § 1119.

**DEMAND FOR JURY TRIAL**

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Plaintiffs hereby demand a trial by jury.

2                              **PRAYER**

3       WHEREFORE, Plaintiffs pray for judgment in their favor and against

4   Farmburger, and:

5       1.      A judgment that Farmburger has infringed and diluted  the FARMER'S

6   BURGER® Marks;

7       2.      A preliminary and permanent injunction enjoining Farmburger and its

8   officers, directors, agents, servants, employees, attorneys, affiliates, parents,

9   subsidiaries, divisions, and all others acting in privity or in concert with them, and

10  their successors and assigns, and any person having knowledge of such injunction,

11  from:

12          a.      using any reproduction, counterfeit, copy, or colorable imitation

13  of the FARMER'S BURGER® Marks to identify any goods or the rendering of any

14  services not authorized by Plaintiffs;

15          b.      engaging in any course of conduct likely to cause confusion,

16  deception or mistake, or injure Plaintiffs' business reputation or weaken the

17  distinctive quality of the FARMER'S BURGER® Marks, Plaintiffs' name,

18  reputation or goodwill;

19          c.      further infringing or diluting the FARMER'S BURGER® Marks

20  by manufacturing, producing, distributing, circulating, selling, marketing, offering

21  for sale, advertising, promoting, displaying or otherwise disposing of any products

22  or services not authorized by Plaintiffs bearing any simulation, reproduction,

23  counterfeit, copy or colorable imitation of the FARMER'S BURGER® Marks;

24          d.      using any simulation, reproduction, counterfeit, copy or

25  colorable imitation of the FARMER'S BURGER® Marks in connection with the

26  promotion, advertisement, display, sale, offering for sale, manufacture, production,

27  circulation or distribution of any unauthorized products or services in such fashion

28  as to relate or connect, or tend to relate or connect, such products in any way to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or

2   connected with Plaintiffs;

3         e.    making any statement or representation whatsoever, or using any

4   false designation of origin or false description, or performing any act, which can or

5   is likely to lead the trade or public, or individual members thereof, to believe that

6   any services provided, or any products manufactured, distributed, sold or offered for

7   sale, by Farmburger are in any way associated or connected with Plaintiffs, or is

8   provided, sold, manufactured, licensed, sponsored, approved or authorized by

9   Plaintiffs;

10        f.    engaging in any conduct constituting an infringement or dilution

11  of any of the FARMER'S BURGER® Marks, of Plaintiffs' rights in, or to use or to

12  exploit, said trademarks, or constituting any weakening of Plaintiffs' name,

13  reputation or goodwill;

14        g.    secreting, destroying, altering, removing, or otherwise dealing

15  with any books or records which contain any information relating to the importing,

16  manufacturing, producing, distributing, circulating, selling, marketing, offering for

17  sale, advertising, promoting, or displaying of all unauthorized products or services

18  which infringe the FARMER'S BURGER® Marks; and

19        h.    effecting assignments or transfers, forming new entities or

20  associations or utilizing any other device for the purpose of circumventing or

21  otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g);

22       3.    An order directing Farmburger to file with this Court and serve on

23  Plaintiffs' counsel within 30 days after service of an injunction, a report under oath

24  setting forth in detail the manner and form in which Farmburger has complied with

25  the injunction, pursuant to 15 U.S.C. § 1116(a);

26       4.    An order directing that all signs, publications, materials, web sites,

27  advertisements, commercials, brochures, and all other printed or electronically

28  stored matter or works that may be viewed with the aid of a machine, bearing or

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

showing the infringing "FARM BURGER" name, the FARMER'S BURGER® Marks, or any similar variations thereof, be delivered to Plaintiffs' counsel or destroyed.

5.      A judgment awarding Plaintiffs all damages adequate to compensate for Farmburger's infringement and dilution of the FARMER'S BURGER® Marks;

6.      Actual damages suffered by Plaintiffs as a result of Farmburger's unlawful conduct, in an amount to be proven at trial;

7.      Reasonable funds for future corrective advertising;

8.      An accounting of Farmburger's profits pursuant to 15 U.S.C. § 1117;

9.      Pre-judgment and post-judgment interest on the above damage awards as authorized by law;

10.     Costs of suit and reasonable attorneys' fees as provided by law;

11.     An order directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

12.     An order directing cancellation of Farmburger's U.S. Trademark Registration Nos. 3,952,838 and 3,992,195 under 15 U.S.C. § 1119; and

13.     Any other remedy to which Plaintiffs may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code §§ 14330, 17200, 17203, 17500, 17535, *et seq.*, and any other applicable Federal or state law.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT

1

2     Dated:   April 23, 2014

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**BRYAN CAVE LLP**
ROBERT G. LANCASTER
ROBERT J. ESPOSITO


By:/s/ Robert G. Lancaster
         Robert G. Lancaster
Attorneys for Plaintiffs
FARMER BOYS FOOD, INC. and
ANDREWS' SONS, INC.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\SM01DOCS\1028405.1.1

31

COMPLAINT