UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMER BOYS FOOD, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FARMBURGER, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-01874-KAW<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 67, 68 |

On June 26, 2015, Defendants filed two administrative motions to file documents under seal. The motions concern documents filed in connection with the parties' cross-motions for summary judgment. Defendants bring the motions solely because Plaintiffs have designated the material at issue "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Defendants' first motion does not conform to the filing requirements set forth in Civil Local Rule 79-5. The motion seeks to seal portions of Defendants' opposition to Plaintiffs' motion for summary judgment and the following exhibits in their entirety: D, E, G, P, R, U, V, W, X, Z, BB, DD, EE, FF, GG, HH, NN, and OO. Defendants, however, have only included a redacted version of their opposition, which is inconsistent with applicable filing requirements. *See* Civil L.R. 79-5(d)(1)(D). This prevents the Court from reviewing the proposed redactions, and consequently, the motion to seal is DENIED as to Defendants' opposition.

Defendants' second motion also does not conform to Civil Local Rule 79-5. The motion seeks to seal portions of Defendants' cross-motion for summary judgment and the same exhibits listed above. With respect to this motion, the unredacted version of the cross-motion is not highlighted, so the Court is unable to compare it with the redacted version in order to determine whether the proposed redactions are appropriate. *See* Civil L.R. 79-5(d)(1)(D). For these reasons, the motion to seal is DENIED with respect to Defendants' cross-motion.

In their declaration in support of the motions to seal, Plaintiffs only address exhibits P, U,

BB, EE, FF, HH, and OO. They do not address the remaining exhibits Defendants seek to file under seal. Therefore, as to the exhibits Plaintiffs do not discuss, the motions to seal are DENIED. *See* Civil L.R. 79-5(e)(2). With respect to the exhibits Plaintiffs do discuss in their declaration, the Court finds that the proposed redactions are not narrowly tailored to seek sealing of only sealable material and that Plaintiffs have not set forth compelling reasons that would justify sealing. *See* Civil L.R. 79-5(b); *see Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2009) (party seeking to file documents under seal "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure") (citation, quotations, and modifications omitted) . Accordingly, the motions to seal are also DENIED as to these exhibits.

If the parties wish to present any material under seal in connection with their cross-motions for summary judgment, they shall meet and confer to determine what material, if any, may be properly filed under seal. After sufficiently meeting and conferring, the parties may file renewed motions to seal, but only if those motions comply with Civil Local Rule 79-5 and only if the designating party is able to articulate compelling reasons, consistent with Ninth Circuit law, that justify filing material under seal. Given the existing briefing schedule and the upcoming July 30, 2015 motion hearing, any renewed motion to seal shall be filed by no later than Monday, July 20, 2015. Any supporting declaration shall be filed by no later than July 23, 2015. Any renewed motion shall also include a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," complete with page, paragraph, and line references. *See* Civil L.R. 79-5(d)(1)(B). Courtesy copies shall be delivered to chambers by no later than noon the day after filing. The parties shall also review Civil Local Rule 79-5(d) when preparing courtesy copies, as the papers provided in connection in the instant motions were unusable by the Court.

IT IS SO ORDERED.

Dated: 07/16/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2